## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| SC HEALTHCARE HOLDING, LLC, *et al.*, | Chapter 11 |
| Debtors. [1] | Case No. 24-10443 (TMH) |
| | (Jointly Administered) |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## SOUTH ELGIN, LLC (CASE NO. 24-10462)

---

[1]   The last four digits of SC Healthcare Holding, LLC's tax identification number are 2584. The mailing address for SC Healthcare Holding, LLC is c/o Petersen Health Care Management, LLC 830 West Trailcreek Dr., Peoria, IL 61614. Due to the large number of debtors in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information will be made available on a website of the Debtors' proposed claims and noticing agent at www.kccllc.net/Petersen.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| **In re** | Chapter 11 |
| **SC HEALTHCARE HOLDING, LLC** *et al.*, | Case No. 24-10443 (TMH) |
| **Debtors.**[1] | Jointly Administered |

## GLOBAL NOTES
### AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

## <u>INTRODUCTION</u>

The debtors and debtors in possession (collectively, the "<u>Debtors</u>" or the "<u>Company</u>") in the above-captioned chapter 11 cases (these "<u>Chapter 11 Cases</u>") submit their *Schedules of Assets and Liabilities* (the "<u>Schedules</u>") and *Statements of Financial Affairs* (the "<u>Statements</u>" and, together with the Schedules, the "<u>Schedules and Statements</u>") pursuant to section 521 of the Bankruptcy Code (as defined below), Rule 1007 of the Federal Rules of Bankruptcy Procedure, and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

On March 20, 2024 (the "<u>Petition Date</u>"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>") with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>"). These Chapter 11 Cases have been consolidated for procedural purposes only and are being administered jointly under case number 24-10443 (TMH). The Debtors, with the exception of certain inactive entities, are authorized to operate their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[2]

---

[1] The last four digits of SC Healthcare Holding, LLC's tax identification number are 2584. The mailing address for SC Healthcare Holding, LLC is c/o Petersen Health Care Management, LLC 830 West Trailcreek Dr., Peoria, IL 61614. Due to the large number of debtors in these Chapter 11 Cases, whose cases are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information is available on a website of the Debtors' claims and noticing agent at www.kccllc.net/Petersen.

[2] Pursuant to that *Order Approving Stipulation to Resolve (I) X-Caliber's (A) Motion to Dismiss, (B) 543 Motion, and (C) DIP Objection, and (II) the Debtors' MT4 Motion to Dismiss* [Docket No. 340], certain of the Debtors' cases are suspended pursuant to 11 U.S.C. §305(b) and, thus, these Schedules and Statements do not reflect information from the suspended Debtors' books and records.

The Schedules and Statements have been prepared by the Debtors' management team, with the assistance of their professional advisors, with reliance upon the efforts, statements, and representations of the Debtors' personnel and the advice of the Debtors' professional advisors. The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation.

On or about October 20, 2023, Petersen became the victim of a ransomware attack by an entity named White Ninja. The attackers infiltrated many of the Petersen systems, thereby impacting the Debtors' access to historic and current billing records, other books and records, and emails (the "Data Breach"). The Debtors quickly contacted a consultant to assist in remedying the impact of the ransomware attack and provided notice of the attack to the Federal Bureau of Investigation. While the Debtors are back "online" with new servers, email addresses, and replacement software, a significant amount of the Debtors' books and records were lost in the attack, leading to incredible difficulty and delay in pursuit of the Debtors' accounts receivable. Additionally, as a result of the ransomware attack, retrieval of the Debtors' files and related information has proven onerous and, in some cases, impossible. Thus, throughout the Chapter 11 Cases, the Debtors have had and anticipate having difficulty providing comprehensive historical information. Such difficulty, thus, impacts the availability, accuracy, and completeness of the information in the Debtors' Schedules and Statements.

The Debtors' liquidity crisis was further hampered by a cyberattack that impacted a crucial service provider for certain of its payors' revenue processes. It was recently announced that on February 21, 2024, Change Healthcare, a division of UnitedHealth Group, began experiencing a cyber security issue which impacted its operations (the "Change Cyberattack"). Based on media reports regarding the Change Cyberattack, the Debtors understand that Change Healthcare processes 15 billion health care transactions annually and is involved in one in every three patient records nationwide. After the Change Cyberattack was reported in the media, the Debtors noticed reimbursements from certain payors slowing and subsequently heard affirmatively from payors that amounts owed to the Debtors were being suspended due to the Change Cyberattack. While the Debtors continue to assess the impact of the Change Cyberattack, the attack has affected the Debtors' timing and processing of reimbursements, which impacts the availability, accuracy, and completeness of the information in the Debtors' Schedules and Statements.

The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such information and data; however, subsequent information, data, or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions, or inaccuracies may exist.

The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate, but expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Court. Nothing contained in the Schedules and Statements or these *Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (these "Global Notes") shall constitute a waiver of any rights of the Debtors and their estates or an admission with respect to these Chapter 11 Cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination or

recharacterization of debt, defenses, characterization or re-characterization of contracts, leases, and claims, assumption or rejection of contracts and leases, and/or causes of action arising under the Bankruptcy Code or any other applicable laws.

The Debtors and their agents, attorneys, and financial advisors shall not be liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

These Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

1. **Reservation of Rights.** The Debtors reserve the right to dispute or to assert setoff or other defenses to any claim reflected in the Schedules and Statements as to amount, liability, and classification. The Debtors also reserve all rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in their Schedules and Statements.

2. **Basis of Presentation.** The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor. For financial reporting purposes, the Debtors historically prepared consolidated financial statements, which included financial information for and the Debtors' business enterprise, which were audited annually. The majority of the Debtors' operations occur through Petersen Healthcare Management, LLC and/or Petersen Health Care, Inc.

   The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors, or other parties in interest on an intermittent basis.

   The Schedules and Statements have been signed by David Campbell, the Debtors' Chief Restructuring Officer. In reviewing and signing the Schedules and Statements, Mr. Campbell necessarily relied upon the efforts, statements, and representations of the accounting and non-accounting personnel who report to, or work with, Mr. Campbell, either directly or indirectly. Mr. Campbell has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

3. **Insiders.** In circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe may be included in the definition of "insider" as such term is

defined in section 101(31) of the Bankruptcy Code. Except as otherwise disclosed herein or in the Statements, payments to "insiders" are set forth on Statement 4. Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should be construed as, a legal characterization of such person as an insider, nor does it serve as an admission of any fact, claim, right, or defense, and all such claims, rights, and defenses with respect thereto are hereby expressly reserved. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, or with respect to any theories of liability or any other purposes.

4. **Accounts Payable and Distribution System.** The Debtors use a consolidated cash management system through which the Debtors pay substantially all liabilities and expenses (the "Cash Management System"). A more complete description of the Cash Management System is set forth in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Use Their Bank Accounts, (B) Honor Prepetition Obligations Related Thereto, (C) Maintain the Refund Programs, (D) Perform Intercompany Transactions, (E) Maintain Existing Business Forms; and (II) Granting Related Relief* [Docket No. 41] filed on the Petition Date. Additional information regarding the Debtors' Cash Management System may also be found in the *Fourth Interim Order (I) Authorizing the Debtors to (A) Continue to Use Their Bank Accounts, (B) Honor Prepetition Obligations Related Thereto, (C) Maintain the Refund Programs, (D) Perform Intercompany Transactions, (E) Maintain Existing Business Forms; and (II) Granting Related Relief* [Docket No. 343].

5. **Date of Valuations.** Except as otherwise noted in the Schedules and Statements, all liabilities are valued as of the Petition Date. Where values as of the Petition Date are not available, or where making calculations as of the Petition Date would create undue burden on, or expense to, the estates, the Debtors used values as of the most recent month-end close available to them, which was February 29, 2024. The Schedules and Statements reflect the Debtors' best effort to allocate the assets, liabilities, receipts, and expenses to the appropriate Debtor entity "as of" such dates. All values are stated in United States currency. The Debtors made reasonable efforts to allocate liabilities between the pre- and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and postpetition periods and amend the Schedules and Statements accordingly.

6. **Book Value.** Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records. Therefore, unless otherwise noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values. It would be cost prohibitive and unduly burdensome to obtain current market valuations of all of the Debtors' interests. Except as otherwise noted, the Debtors' assets are presented, in detail,

as they appear on the Debtors' accounting sub-ledgers.  As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset).  The Debtors believe that certain of their assets, including (i) goodwill and (ii) intangibles, may have been significantly impaired by, among other things, the events leading to, and the commencement of, the Debtors' Chapter 11 Cases.  The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date.

7.    **Re-characterization.**   Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated or omitted certain items due to the complexity and size of the Debtors' business.  Accordingly, the Debtors reserve all of their rights to re-characterize, reclassify, re-categorize, re-designate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed in the Schedules and Statements were deemed executory or unexpired as of the Petition Date and remain executory or unexpired postpetition.

8.    **Property and Equipment.**   Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

9.    **Causes of Action.**   The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements.  The Debtors reserve all of their rights with respect to causes of action they may have (including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws), whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and causes of action.

10.   **Materialman's/Mechanic's Liens.**   The assets listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

11.   **Litigation.**   Certain litigation actions (collectively, the "Litigation Actions") reflected as claims against a particular Debtor may relate to other Debtors.  The Debtors have made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action.  The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action, or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

12. **Credits and Adjustments.**  In the ordinary course of their business, the Debtors apply credits against amounts otherwise due to vendors.  Certain of these credits are subject to change.  Claims of vendors and creditors are listed in the amounts entered on the Debtors' books and records, and may not reflect certain credits, allowances, or other adjustments due from such vendors or creditors to the Debtors.  The Debtors and their estates reserve all rights with regard to any such credits, allowances, and other adjustments, including, without limitation, the right to assert claims, objections, setoffs, and recoupments with respect to the same.

13. **Executory Contracts and Unexpired Leases.**  The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  Rather, executory contracts and unexpired leases have been set forth solely on Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims against the Debtors and their estates; however, the Schedules and Statements do not reflect any claims for rejection damages.  The Debtors and their estates reserve all rights with respect to the assertion of any such claims.

14. **Claims.**  Certain of the Debtors' Schedules list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date.  The claim amounts reflected on the Schedules may include the Debtors' estimates for vendor charges not yet invoiced.  By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all un-invoiced vendor charges.  While the Debtors have made their best efforts to reflect the claims by vendor, excluding these various adjustments, the actual unpaid claims of creditors that may be allowed in these Chapter 11 Cases may differ from the amounts set forth in the Schedules and Statements.

    The Debtors intentionally have not included "non-cash" accruals (*i.e.*, accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments) in the Schedules and Statements.

15. **First Day Orders.**  Pursuant to various "first day" orders and any supplements or amendments to such orders entered by the Court, the Debtors and their estates are authorized to pay certain prepetition claims, including, without limitation, certain claims relating to employee wages and benefits, claims for taxes and fees, and claims of specific vendors.

16. **Classifications and Claims Descriptions.**  Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated." Likewise, listing a claim (a) on Schedule D as "secured," (b) on Schedule E/F as "unsecured priority," or "unsecured non-priority," or (c) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates to amend these Schedules and Statements to recharacterize or reclassify any claim or contract.  The Debtors and their estates reserve the right to (i) object to, or otherwise dispute or assert setoff rights, cross-claims, counterclaims or defenses to, any

6

claim reflected on the Schedules on any grounds, including, without limitation, amount, liability, validity, priority, or classification, or (ii) otherwise designate subsequently any claim as "disputed," "contingent," or "unliquidated."

17. **Addresses of Employees, Residents, and Resident Contacts.** Consistent with the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File (A) a Consolidated Master List of Creditors and (B) a Consolidated List of the Debtors' 40 Largest General Unsecured Creditors, (II) Authorizing the Debtors to Redact Personally Identifiable Information for Certain Individual Creditors and Parties in Interest, (III) Authorizing Procedures to Maintain and Protect Confidential Resident Information, and (IV) Granting Related Relief* [Docket No. 3], the Debtors have attempted to list each of their current employees', Residents', and Resident Contacts' names and addresses as "Available Upon Request," where reasonably possible, in order to protect their privacy. The Debtors have served and will continue to serve all necessary notices, including notice of the claims bar date, to the actual address of each of the Debtors' employees, residents, and resident contacts.

18. **Estimates.** The Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses. The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

## SPECIFIC ADDITIONAL DISCLOSURES WITH RESPECT TO SCHEDULES

### Schedule A/B

**Item 3:** The balances scheduled on Schedule A/B 3 are as of March 27, 2024, as those are the balances available to the Debtors and match the reporting provided by the Debtors in these Chapter 11 Cases.

**Item 11:** Negative accounts receivable balances are related to overpayments made to the Debtors by Medicaid or Medicare and certain private payments collected from residents while their Medicaid status is approved.

Due to the Data Breach, parsing accounts receivable by age (90 days old or less and over 90 days old) is not possible. As a result, the Debtors have listed the aggregate accounts receivable on Schedule A/B 11a.

**Item 39 & 40**: The Debtors are unable to parse between office furniture, fixtures, and other equipment ("FF&E") because all FF&E is booked in the aggregate. As a result, the Debtors have scheduled all FF&E in the aggregate at Item 39.

**Item 62:** The Debtors are scheduling certain licenses required to operate their business. These licenses are not traded on an open market and as a result the Debtors have scheduled their value as "undetermined." Notwithstanding that fact, the licenses are extremely valuable to the Debtors as they would be unable to operate their business without them.

**Item 71**:  The reference to "See SOFA 3" is intended to highlight that certain loans made to, and taken from, Mark Petersen are described in SOFA 3 and thus not scheduled at Item 71.

**Items 74 and 75:**  In the ordinary course of business, the Debtors typically pursue their current and former residents' past due balances through legal action.  Because of the Data Breach, among other reasons, the Debtors have yet to complete a review the full scope of pursuable claims.

Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in Schedule A/B, Part 11, Items 74 and 75, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws (including, but not limited to, potential preference actions and/or fraudulent transfer action).  The Debtors and their estates reserve all rights with respect to any claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and causes of action.

## Schedule D

Except as otherwise ordered by the Court or agreed pursuant to a stipulation, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D.  The Debtors have not included parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

For all claims secured by property, the Debtors have listed balances as February 23, 2024.  Where the precise date a debt was incurred is unavailable, the Debtors have listed the effective date of the applicable loan documents (including amendments).

## Schedule E/F

The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority and the listing of any claim on Schedule E/F, Part 1 does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

In certain instances, a Debtor may be a guarantor with respect to scheduled claims of other Debtors. No claim set forth on the Schedule E/F of any Debtor is intended to acknowledge claims of creditors that may be otherwise satisfied or discharged.

The Debtors have continued to pay Employee Compensation and Benefits, as defined in, and in accordance with, the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 216]. As a result, Schedule E/F, Part 2 does not include any potential Employee Compensation and Benefits amounts accrued but unpaid as of the Petition Date.

The Debtors have listed their known creditors in Schedule E/F. To the extent attorneys have entered appearances on behalf of such creditors, those appearances are noted on the docket of the Debtors' Chapter 11 Cases and are not separately listed in Item 4.

Third parties should not anticipate that the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules will reflect their ultimate recoveries in these Chapter 11 Cases. Actual assets and liabilities may deviate from the amounts shown in the Schedules due to various events that occur throughout the duration of these Chapter 11 Cases.

### Schedule G

The Debtors' business is complex, and the Data Breach have made the compilation and review of the Debtors' contracts difficult and time-consuming. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors continue to search their records for potential contracts that may not have been included in the Schedules. If any such contracts are discovered, the Debtors reserve their right to amend and/or supplement the Schedules as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein. Relationships between the Debtors and their vendors are occasionally governed by a master services agreement, under which vendors also place work and purchase orders, which may be considered executory contracts. The Debtors believe that disclosure of all of these purchase and work orders would be impracticable and unduly burdensome. Likewise, in some cases, the same supplier or provider may appear multiple times in Schedule G.

Unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all final exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any executed agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

The Debtors and their estates hereby reserve all of their rights, claims, and causes of action to (i) dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (iii) amend or supplement such Schedule as necessary.

### Schedule H

Due to their voluminous nature, and to avoid unnecessary duplication, the Debtors have not included on Schedule H debts for which more than one Debtor may be liable if such debts were already reflected on Schedule G for the respective Debtors subject to such debt.  There may be certain contracts in which multiple Debtors are parties, and while the Debtors have made every effort to list co-Debtors appropriately in such instances, inadvertent errors or omissions may have occurred.  Because nearly all of the Debtors' administrative processes are handled at the Debtors' corporate headquarters, the Debtors have listed 830 West Trailcreek Dr., Peoria, IL 61614 for each Debtor on Schedule H.

## SPECIFIC ADDITIONAL DISCLOSURES WITH RESPECT TO STATEMENTS

**Question 3:**  At times, the Debtors reimbursed certain employees when such employees used personal credit cards to pay for goods and/or services that would normally have been paid directly by the Debtors but, due to liquidity constraints, were not.

**Question 4:**  Mark Petersen, as the owner and Chief Executive Officer of the Debtors and their affiliates since 2002, has overseen the expansion of the Debtors' enterprise over the last twenty plus years.  For a large portion of that time, and for at least the past ten years, Mr. Petersen has not taken a salary for his role as Chief Executive Officer.  In lieu of a salary, Mr. Petersen occasionally paid certain of his personal expenses out of the Debtors' accounts.  Such payments were, at all times, accurately recorded as dividends and have been listed in Question 4.  In certain instances, Mr. Petersen acted as an intermediary between certain Debtors wherein he would receive a disbursement from one Debtor entity and then immediately deposited such disbursement with another Debtor entity or non-Debtor affiliate as a method of intercompany cash management.  Those disbursements to Mr. Petersen are reflected in Question 4, but due in part to the Data Breach, the records of the corresponding deposits back into the enterprise are not readily available in the Debtors books at this time and, thus, are not represented in these Schedules and Statements.  The Debtors are in the process of engaging a third-party accounting firm to review and locate the appropriate matching transactions.  In certain instances, payments were made to Mr. Petersen to pay down credit cards that were used for business expenses in the ordinary course.  Those payments have been marked with an asterisk in Question 4.

The Debtors routinely made intercompany disbursements from Debtor to Debtor and from Debtor to non-Debtor affiliate.  Disbursements to other Debtors or to non-Debtor affiliates are reflected in Question 4 and marked with an asterisk ("*"), but because of the Data Breach, the records of any corresponding deposits from Debtor to Debtor or from non-Debtor affiliate to Debtor are not available to the Debtors at this time and not represented in these Schedules and Statements.  As noted above, the Debtors are in the process of engaging a third-party accounting firm to review and generate the appropriate matching transactions.

**Question 6:**  The Debtors are subject to certain Medicaid setoffs based on various regulatory fees and taxes.  The Debtors have used their best efforts to reflect such setoffs where known; however, there are instances where certain setoffs equal or surpass the amount that the Debtors are owed from Medicaid.

**Question 7**:  The Debtors are subject to certain ordinary course audits by certain regulatory authorities, including, but not limited to audits of certain payroll reports and Illinois Department of Public Health facility audits, as applicable.  Such ordinary course audits have not been listed.

**Question 10**:  For all losses on property, the Debtors have listed such losses at the Debtor entity that owns the property.  In the ordinary course of business, insurance payments may be processed through a separate operating Debtor entity.  In such cases, insurance payments have been listed at the operating Debtor entity.

**Question 20**:  Other than the location listed for off-premise storage, Mark Petersen maintains a storage facility that does not hold any property of the Debtors to the best of their knowledge.

**Question 21**:  The Debtors maintain and manage bank accounts which hold residents' funds (the "Resident Trust Accounts") at their facilities.  The money held in the Resident Trust Accounts is not property of the Debtors or their estates and is held solely for the benefit of the residents' use.  The Debtors never have the ability to take ownership over Resident Trust Account funds.  In the event that a resident leaves a facility and their Resident Trust Account funds cannot be returned, those funds are turned over to the state in which that facility operates.  More information related to the Resident Trust Accounts can be found in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Use Their Bank Account, (B) Honor Prepetition Obligations Related Thereto, (C) Maintain the Refund Programs, (D) Perform Intercompany Transactions, (E) Maintain Exiting Business Forms; and (II) Granting Related Relief* [Docket No. 41].

In the ordinary course of business, the Debtors may hold personal belongings of residents after they leave a facility for various reasons.  Such property is held until the resident or their designated contact retrieves the subject property.

Petersen Health Care, Inc. is party to a lease agreement for copiers which are held at various Debtor locations.

**Question 26a:**  Debtor Petersen Health Care Management, LLC maintains the books and records for all of the Debtors and has been listed to reflect that in the Schedules and Statements.  Specific names have been provided in the Statements of Petersen Health Care Management, LLC.

**Question 26d:**  The Debtors' financial statements are maintained and distributed from Petersen Health Care Management, Inc.  From time to time, the Debtors provide financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing, and other reasons.  Recipients may include regulatory and tax agencies, financial institutions, investment banks, vendors, debtholders, and their legal and financial advisors.  Additionally, the Debtors contacted various parties in connection with the Debtors' efforts to market and sell their assets.  The Debtors shared certain financial information under confidentiality agreements to certain of those parties through Walker & Dunlop Investment Sales, LLC, the Debtors' retained Investment Sales Broker.  The identity of such parties has not been individually disclosed herein based on confidentiality.

**Question 31**:  Until 2021, certain Debtors were members of a consolidated group for tax purposes wherein such Debtors did not file tax returns and were accounted for within the personal tax returns

of Mark Petersen.  As of 2021, those Debtors are no longer part of such consolidated group.  The Debtors maintain that during the time in which such Debtors were members of a consolidated group for tax purposes, such Debtors were not required to file any tax return because they generated no income.

*[Remainder of page left intentionally blank]*

**Fill in this information to identify the case:**

Debtor Name: In re : South Elgin, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 24-10462 (TMH)

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

## Part 1:   Summary of Assets

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**

      Copy line 88 from *Schedule A/B* ..................................................................................

$            0.00

    1b. **Total personal property:**

      Copy line 91A from *Schedule A/B* ..............................................................................

$            579,177.72

    1c. **Total of all property:**

      Copy line 92 from *Schedule A/B* ................................................................................

$            579,177.72

## Part 2:   Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* ...................................

$            4,628,190.90

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**

      Copy the total claims from Part 1 from line 5a of *Schedule E/F* ...........................................

$            0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**

      Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* .................................

+ $            652,656.94

4. **Total liabilities**

    Lines 2 + 3a + 3b ................................................................................................

$            5,280,847.84

**Fill in this information to identify the case:**

Debtor Name: In re : South Elgin, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 24-10462 (TMH)

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property            12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:    Cash and cash equivalents

1.  **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☒ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2.  **Cash on hand**

| | |
|---|---|
| 2.1  None | $ |

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1  None | | | $ |

4.  **Other cash equivalents** *(Identify all)*

| | |
|---|---|
| 4.1  Debt Service Reserve | $  30,938.81 |
| 4.2  MIP Escrow | $  14,950.81 |
| 4.3  Property Insurance Escrow | $  36,600.03 |
| 4.4  Real Estate Tax Escrow | $  26,944.84 |
| 4.5  Replacement Reserve | $  307,044.11 |

5.  **Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| | |
|---|---|
| | $  416,478.60 |

Debtor: South Elgin, LLC
Name

Case number *(if known):* 24-10462

## Part 2:    Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

| | |
|---|---|
| 7.1 None | $ |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

| | |
|---|---|
| 8.1 Prepaid Insurance | $                39,079.41 |

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.

| | |
|---|---|
| | $                39,079.41 |

Debtor: South Elgin, LLC
_____
Name

Case number *(if known)*: 24-10462
_____

| **Part 3:** | **Accounts receivable** |
|---|---|

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☒ Yes. Fill in the information below.

**Current value of debtor's interest**

**11. Accounts receivable**

|  |  | Description | face amount | | doubtful or uncollectible accounts | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | Rent Receivable | $ | 123,619.71 | - $ | | =..... ➜ | $ | 123,619.71 |

*Note: See Global Notes*

| 11b. | Over 90 days old: | Rent Receivable | $ | | - $ | | =..... ➜ | $ | |
|---|---|---|---|---|---|---|---|---|---|

*Note: See Global Notes*

**12. Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$ 123,619.71

Debtor: South Elgin, LLC
Name

Case number *(if known):* 24-10462

---

**Part 4:**    **Investments**

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

_____  _____  $ _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                                    % of ownership:

_____  _____  _____  $ _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

_____  _____  $ _____

17. **Total of Part 4.**

Add lines 14 through 16. Copy the total to line 83.

$ _____ 0.00

Debtor:  South Elgin, LLC
         _____
         Name

Case number *(if known):*  24-10462

---

## Part 5:    Inventory, excluding agriculture assets

18.  **Does the debtor own any inventory (excluding agriculture assets)?**
  - ☒  No. Go to Part 6.
  - ☐  Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.  Raw materials** _____ | _____ | $ _____ | _____ | $ _____ |
| **20.  Work in progress** _____ | _____ | $ _____ | _____ | $ _____ |
| **21.  Finished goods, including goods held for resale** _____ | _____ | $ _____ | _____ | $ _____ |
| **22.  Other inventory or supplies** _____ | _____ | $ _____ | _____ | $ _____ |

23.  **Total of Part 5.**
  Add lines 19 through 22. Copy the total to line 84.

  $ _____ 0.00

24.  **Is any of the property listed in Part 5 perishable?**
  - ☐  No
  - ☐  Yes

25.  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
  - ☐  No
  - ☐  Yes.  Description_____  Book value $ _____  Valuation method _____  Current value $ _____

26.  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
  - ☐  No
  - ☐  Yes

Debtor: South Elgin, LLC
_____
Name

Case number *(if known)*: 24-10462

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $ | | $ |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $ | | $ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $ | | $ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $ | | $ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $ | | $ |

33. **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85.

$ _____ 0.00

34. **Is the debtor a member of an agricultural cooperative?**
☐ No
☐ Yes. Is any of the debtor's property stored at the cooperative?
    ☐ No
    ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes. Description_____ Book value $ _____ Valuation method _____ Current value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
☐ No
☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☐ No
☐ Yes

Debtor: South Elgin, LLC

Name

Case number *(if known)*: 24-10462

---

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| 39.1  Total FFE from Balance Sheet | $              0.00 | Net Book Value | $              0.00 |
| 40. **Office fixtures** | | | |
| 40.1  See Schedule A/B 39 | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1  See Schedule A/B 39 | $ | | $ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1  None | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$              0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☑ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor: South Elgin, LLC
_____
Name

Case number *(if known)*: 24-10462

## Part 8:    Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**
   - ☐ No. Go to Part 9.
   - ☒ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 None | $ | | $ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 None | $ | | $ |
| **49. Aircraft and accessories** | | | |
| 49.1 None | $ | | $ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 See Schedule A/B 39 | $ | | $ |

51. **Total of Part 8.**
   Add lines 47 through 50. Copy the total to line 87.

   $ _____ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
   - ☒ No
   - ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
   - ☒ No
   - ☐ Yes

Debtor: South Elgin, LLC
_____
Name

Case number *(if known):* 24-10462
_____

| Part 9: | Real property |
|---|---|

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br><br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 South Elgin Rehabilitation & Health Care Center - 746 W. Spring Street, South Elgin, IL 60177 | Owned | $ 555,873.92 | | $ Undetermined |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?`**

☑ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor:  South Elgin, LLC
_____
Name

Case number *(if known)*:  24-10462

---

**Part 10:**    **Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**
    - ☑ No. Go to Part 11.
    - ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**

    Add lines 60 through 65. Copy the total to line 89.

    $ _____ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
    - ☐ No
    - ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
    - ☐ No
    - ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
    - ☐ No
    - ☐ Yes

Debtor: South Elgin, LLC
_____
Name

Case number *(if known)*: 24-10462

## Part 11: All other assets

**70.** **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
| --- | --- |

**71.** **Notes receivable**

Description (include name of obligor)          Total face amount          doubtful or uncollectible accounts

71.1 None          $ _____ - $ _____ =..... ➜ $ _____

**72.** **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1 None                                         Tax year          $ _____

**73.** **Interests in insurance policies or annuities**

73.1 None                                                            $ _____

**74.** **Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 See Global Notes                                             $ _____

Nature of claim          _____

Amount requested          $ _____

**75.** **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 None                                                            $ _____

Nature of claim          _____

Amount requested          $ _____

**76.** **Trusts, equitable or future interests in property**

76.1 None                                                            $ _____

**77.** **Other property of any kind not already listed** *Examples*: Season tickets, country club membership

77.1 None                                                            $ _____

**78.** **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.          $ _____ 0.00

**79.** **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor: South Elgin, LLC
_____
Name

Case number *(if known)*: 24-10462

---

## Part 12: Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 416,478.60 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2*. | $ 39,079.41 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 123,619.71 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9* ...........................................➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column...........................91a. | $ 579,177.72 + 91b. | $ 0.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ..................................................................... | | $ 579,177.72 |

**Fill in this information to identify the case:**

Debtor Name: In re : South Elgin, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 24-10462 (TMH)

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    **12/15**

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐  No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑  Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.1 Creditor's name**

Grandbridge

Creditor's Name

**Creditor's mailing address**

Notice Name

214NorthTryonSt

Street

Suite2000

| Charlotte | NC | 28202 |
|---|---|---|
| City | State | ZIP Code |

Country

**Creditor's email address, if known**

Servicing@Grandbridge

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐  No

☐  Yes. Have you already specified the relative priority?

    ☐  No. Specify each creditor, including this creditor, and its relative priority.

    ☐  Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

$    4,628,190.90    $

**Describe the lien**

**Is the creditor an insider or related party?**

☑  No

☐  Yes

**Is anyone else liable on this claim?**

☑  No

☐  Yes. Fill out *Schedule H: Codebtors(Official Form 206H).*

**As of the petition filing date, the claim is:**
Check all that apply.

☐  Contingent

☐  Unliquidated

☐  Disputed

**3.** Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.

$    4,628,190.90

**Part 2:**    **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line _____ | _____ |

_____
Name

_____
Notice Name

_____
Street

_____

_____

_____  _____  _____
City                          State           ZIP Code

_____
Country

**Fill in this information to identify the case:**

Debtor Name: In re : South Elgin, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 24-10462 (TMH)

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims     12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

☒ No. Go to Part 2.

☐ Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | **Total claim** | **Priority amount** |
|---|---|---|

2.1 **Priority creditor's name and mailing address**

As of the petition filing date, the claim is: $ _____   $ _____
*Check all that apply.*

Creditor Name
_____

☐  Contingent

Creditor's Notice name
_____

☐  Unliquidated

_____

☐  Disputed

Address
_____

**Basis for the claim:**

_____

_____

City _____ State _____ ZIP Code _____

Country
_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number**

**Is the claim subject to offset?**

☐  No

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

☐  Yes

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

| 3.1 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** $ 566.98 |
|---|---|---|

A T & T
Creditor Name

Creditor's Notice name

PO Box 5080
Address

| Carol Stream | IL | 601975080 |
|---|---|---|
| City | State | ZIP Code |

Country

*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**Is the claim subject to offset?**

☒ No

☐ Yes

| 3.2 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** $ 9,914.01 |
|---|---|---|

Advocate Sherman Hospital
Creditor Name

Creditor's Notice name

35134 Eagle Way
Address

| Chicago | IL | 60678-1351 |
|---|---|---|
| City | State | ZIP Code |

Country

*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**Is the claim subject to offset?**

☒ No

☐ Yes

Debtor: South Elgin, LLC
_____
Name

Case number *(if known)*    24-10462

---

**3.3 Nonpriority creditor's name and mailing address**

A-Tec Ambulance Inc 1952312498
Creditor Name

Creditor's Notice name

2125 Point Boulevard
Address

Unit 200

| Elgin | IL | 60123-7956 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various
**Last 4 digits of account**
**number**

**As of the petition filing date, the claim is:** $                    300.09
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:**
Trade Payable

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.4 Nonpriority creditor's name and mailing address**

Biotech X- Ray Inc
Creditor Name

Creditor's Notice name

1065 Executive Parkway Drive
Address

Suite 220

| St Louis | MO | 631416367 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various
**Last 4 digits of account**
**number**

**As of the petition filing date, the claim is:** $                    1,399.28
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:**
Trade Payable

**Is the claim subject to offset?**
☑ No
☐ Yes

---

Debtor: South Elgin, LLC

Case number *(if known)*: 24-10462

---

**3.5** **Nonpriority creditor's name and mailing address**

Chestnut of Illinois
Creditor Name

Creditor's Notice name

PO Box 684
Address

| Bedford Park | IL | 60499 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**

Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $ 505.06

*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

---

**3.6** **Nonpriority creditor's name and mailing address**

Comcast Cable
Creditor Name

Creditor's Notice name

PO Box 70219
Address

| Philadelphia | PA | 191760219 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**

Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $ 718.21

*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

---

Debtor: South Elgin, LLC

Case number *(if known)* 24-10462

---

**3.7** **Nonpriority creditor's name and mailing address**

ComEd

Creditor Name

Creditor's Notice name

PO Box 6112

Address

| Carol Stream | IL | 60197-6112 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**

Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $ 12,274.93
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

---

**3.8** **Nonpriority creditor's name and mailing address**

Constellation New Energy

Creditor Name

Creditor's Notice name

Gas Division LLC

Address

PO Box 5473

| Carol Stream | IL | 60197-5473 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**

Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $ 481.25
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

---

Debtor: South Elgin, LLC

Case number *(if known)*: 24-10462

---

**3.9 Nonpriority creditor's name and mailing address**

Datamax
Creditor Name

dba Sumner One
Creditor's Notice name

PO Box 5180
Address

| St Louis | MO | 63139-0180 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $ 3,630.86
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade Payable

**Is the claim subject to offset?**
☒ No
☐ Yes

---

**3.10 Nonpriority creditor's name and mailing address**

Direct Supply Inc
Creditor Name

Creditor's Notice name

Box 88201
Address

| Milwaukee | WI | 53288 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $ 545.06
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade Payable

**Is the claim subject to offset?**
☒ No
☐ Yes

---

Official Form 206E/F          **Schedule E/F: Creditors Who Have Unsecured Claims**

Debtor: South Elgin, LLC

Case number *(if known)*: 24-10462

**3.11 Nonpriority creditor's name and mailing address**

Dr. Jemini G Ignacio
Creditor Name

Creditor's Notice name

1141 East Main Street#105
Address

| East Dundee | IL | 60118 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:**    $                    13,200.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

**3.12 Nonpriority creditor's name and mailing address**

Favorite Healthcare Staffing
Creditor Name

Creditor's Notice name

PO Box 26225
Address

| Overland Park | KS | 66225 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:**    $                    539.63
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

Debtor: South Elgin, LLC

Case number *(if known)*: 24-10462

**3.13 Nonpriority creditor's name and mailing address**

Fox Valley Fire & Safety
Creditor Name

Creditor's Notice name

2730 Pinnacle Drive
Address

| Elgin | IL | 60124 |
|-------|-----|-------|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

As of the petition filing date, the claim is: $ 136.83
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

**3.14 Nonpriority creditor's name and mailing address**

Fox Valley Orthopaedic Association
Creditor Name

Creditor's Notice name

2525 Kaneville Road
Address

| Geneva | IL | 60134-2578 |
|--------|-----|-----------|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

As of the petition filing date, the claim is: $ 34.62
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

Debtor: South Elgin, LLC
_____
Name

Case number *(if known)*    24-10462
_____

**3.15** **Nonpriority creditor's name and mailing address**

Gem Medical Supplies LLC
_____
Creditor Name

_____
Creditor's Notice name

730 Anthony Trail
_____
Address

_____

_____

| Northbrook | IL | 60062 |
|---|---|---|
| City | State | ZIP Code |

_____
Country

**Date or dates debt was incurred**

Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:**    $                1,002.68
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable
_____

**Is the claim subject to offset?**

☒ No

☐ Yes

**3.16** **Nonpriority creditor's name and mailing address**

Go Green Lawn Care
_____
Creditor Name

_____
Creditor's Notice name

439 West Stimmel Street
_____
Address

_____

_____

| West Chicago | IL | 60185 |
|---|---|---|
| City | State | ZIP Code |

_____
Country

**Date or dates debt was incurred**

Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:**    $                1,200.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable
_____

**Is the claim subject to offset?**

☒ No

☐ Yes

Debtor: South Elgin, LLC
Name

Case number *(if known)* 24-10462

---

**3.17 Nonpriority creditor's name and mailing address**

Illinois State Police
Creditor Name

Creditor's Notice name

Bureau of Investigation
Address

206 North Chicago Street

| Joliet | IL | 604324072 |
|--------|-----|-----------|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

As of the petition filing date, the claim is: $ 2,240.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

---

**3.18 Nonpriority creditor's name and mailing address**

Impact Medical Services LLC
Creditor Name

Creditor's Notice name

1001 NW Vesper Street
Address

| Blue Springs | MO | 64015-3676 |
|--------------|-----|------------|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

As of the petition filing date, the claim is: $ 490.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

---

Debtor: South Elgin, LLC

Case number *(if known)*: 24-10462

---

**3.19** **Nonpriority creditor's name and mailing address**

Levin & Perconti
Creditor Name

Creditor's Notice name

60 W. Randolph Street
Address

4th Floor

Chicago                IL              60601
City                   State           ZIP Code

Country

**Date or dates debt was incurred**
Various
**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $ _____ Undetermined
*Check all that apply.*

☐ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**

Litigation

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.20** **Nonpriority creditor's name and mailing address**

Liberty Fire Protection Systems Inc
Creditor Name

Creditor's Notice name

4 N953 Old La Fox Road
Address

Unit B

St Charles             IL              60175
City                   State           ZIP Code

Country

**Date or dates debt was incurred**
Various
**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $ _____ 34,005.00
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**
☑ No
☐ Yes

---

Debtor: South Elgin, LLC

Case number *(if known)* 24-10462

**3.21 Nonpriority creditor's name and mailing address**

Mc Kesson Medical- Surgical
Creditor Name

Creditor's Notice name

PO Box 630693
Address

| Cincinnati | OH | 452630693 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $ Undetermined
*Check all that apply.*

☐ Contingent

☒ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

**3.22 Nonpriority creditor's name and mailing address**

MPAC Healthcare
Creditor Name

Creditor's Notice name

PO Box 75580
Address

| Chicago | IL | 60675-5580 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $ 6,000.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

Debtor: South Elgin, LLC

Case number *(if known)*: 24-10462

| | |
|---|---|
| **3.23 Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** $ 1,685.81 |

NICL Laboratories
Creditor Name

Attn General Manager
Creditor's Notice name

306 Era Drive
Address

*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

Trade Payable

| Northborrk | IL | 60062 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Is the claim subject to offset?**
☒ No

**Last 4 digits of account**
☐ Yes

**number**

---

**3.24 Nonpriority creditor's name and mailing address**

NW ONC & HEM
Creditor Name


Creditor's Notice name

3701 Algonquin Road
Address

Suite 900

**As of the petition filing date, the claim is:** $ 9,207.00
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

Trade Payable

| Rolling Meadows | IL | 60008-3193 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Is the claim subject to offset?**
☒ No

**Last 4 digits of account**
☐ Yes

**number**

---

Debtor:  South Elgin, LLC
Name

Case number *(if known)*    24-10462

3.25 **Nonpriority creditor's name and mailing address**

Omnicare
Creditor Name

Creditor's Notice name

Department781668
Address

PO Box 78000

| Detroit | MI | 482781668 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

As of the petition filing date, the claim is:    $              47,547.79
*Check all that apply.*

☐  Contingent

☐  Unliquidated

☐  Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☑  No

☐  Yes

3.26 **Nonpriority creditor's name and mailing address**

PEL/VIP
Creditor Name

Creditor's Notice name

9840 Southwest Highway
Address

| Oak Lawn | IL | 60453 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

As of the petition filing date, the claim is:    $              19,297.67
*Check all that apply.*

☐  Contingent

☐  Unliquidated

☐  Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☑  No

☐  Yes

Debtor: South Elgin, LLC
_____
Name

Case number *(if known)* 24-10462

**3.27** **Nonpriority creditor's name and mailing address**

Point Click Care Technologies Inc
Creditor Name

_____
Creditor's Notice name

PO Box 674802
Address

_____

| Detroit | MI | 48267-4802 |
|---------|-----|-----------|
| City | State | ZIP Code |

_____
Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $                        573.20
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

---

**3.28** **Nonpriority creditor's name and mailing address**

Presto- X
Creditor Name

_____
Creditor's Notice name

PO Box 14095
Address

_____

| Reading | PA | 19612 |
|---------|-----|-------|
| City | State | ZIP Code |

_____
Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $                        2,680.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

Debtor: South Elgin, LLC
Name

Case number (if known): 24-10462

**3.29 Nonpriority creditor's name and mailing address**

RecoverCare LLC
Creditor Name

dba Joerns LLC
Creditor's Notice name

PO Box 936446
Address



Atlanta | GA | 31193-6446
City | State | ZIP Code

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $ 18,276.29
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No
☐ Yes

**3.30 Nonpriority creditor's name and mailing address**

RehabCare
Creditor Name


Creditor's Notice name

PO Box 71985
Address



Chicago | IL | 60694-1985
City | State | ZIP Code

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $ 458,284.09
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No
☐ Yes

Debtor: South Elgin, LLC
Name

Case number *(if known)*    24-10462

**3.31 Nonpriority creditor's name and mailing address**

Royal Refrigeration
Creditor Name

Creditor's Notice name

PO Box 234
Address

| Gilberts | IL | 60136 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $                203.75
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

**3.32 Nonpriority creditor's name and mailing address**

Shadow Fax Projects
Creditor Name

Creditor's Notice name

PO Box 347
Address

| Sullivan | IL | 61951 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $              1,063.25
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

Debtor: South Elgin, LLC
Name

Case number *(if known)* 24-10462

**3.33 Nonpriority creditor's name and mailing address**

Shadow Fax Projects#2
Creditor Name

Creditor's Notice name

Medical Waste Account
Address

PO Box 5473

| Sullivan | IL | 61951 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

As of the petition filing date, the claim is: $ 30.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

**3.34 Nonpriority creditor's name and mailing address**

Superior Air Ground Amb Serv
Creditor Name

Creditor's Notice name

PO Box 1407
Address

| Elmhurst | IL | 60126 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account**

**number**

As of the petition filing date, the claim is: $ 1,458.60
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒ No

☐ Yes

Debtor: South Elgin, LLC
Name

Case number *(if known)*: 24-10462

3.35 **Nonpriority creditor's name and mailing address**

Youngren's Inc
Creditor Name

Creditor's Notice name

736 New Haven Avenue
Address

| Aurora | IL | 60506-2819 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**

Various

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $ 3,165.00
*Check all that apply.*

☐  Contingent

☐  Unliquidated

☐  Disputed

**Basis for the claim:**

Trade Payable

**Is the claim subject to offset?**

☒  No

☐  Yes

**Part 3:**    **List Others to Be Notified About Unsecured Claims**

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**
**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | Line | |
| Name | ☐  Not Listed.Explain | |
| Notice Name | | |
| Street | | |
| | | |
| | | |
| City          State          ZIP Code | | |
| Country | | |

**Part 4:** **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $ _____ 0.00 |
| 5b. | **Total claims from Part 2** | 5b. + | $ _____ 652,656.94 |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ _____ 652,656.94 |

**Fill in this information to identify the case:**

Debtor Name: In re : South Elgin, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 24-10462 (TMH)

☐ Check if this is an
amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases                    12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☑  No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐  Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

**State what the contract or lease is for and the nature of the debtor's interest**

Name

Notice Name

**State the term remaining**

Address

**List the contract number of any government contract**

City          State          ZIP Code

Country

**Fill in this information to identify the case:**

Debtor Name: In re : South Elgin, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 24-10462 (TMH)

☐ Check if this is an
amended filing

## Official Form 206H

## Schedule H: Codebtors                                              12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

1.  **Does the debtor have any codebtors?**

☑  No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐  Yes

2.  **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors,**
    ***Schedules D-G.*** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is
    listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| Name | Mailing address | Name | Check all schedules that apply: |
| 2.1 _____ | _____<br>Street<br>_____<br>_____<br>City   State   ZIP Code<br>Country | _____ | ☐ D<br><br>☐ E/F<br><br>☐ G |

| Fill in this information to identify the case: |
| --- |
| Debtor Name: In re : South Elgin, LLC |
| United States Bankruptcy Court for the:  District of Delaware |
| Case number (if known): 24-10462 (TMH) |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/31/2024
             ―――――――――――――
             MM / DD / YYYY

✖ / s / David R. Campbell
Signature of individual signing on behalf of debtor

David R. Campbell
Printed name

Authorized Signatory
Position or relationship to debtor